Samuel M. Gold, J.
Section 17 of the Decedent Estate Law, by its terms, relates only to the validity of a “ last will and testament ” and provides that, in specified circumstances, a “ devise or bequest ” shall be valid only to the extent of half of the estate purported to be devised and bequeathed. (Italics supplied.) Even if it be assumed that the trust indenture here involved was illusory, as claimed by the guardian, it was a valid trust indenture.
The most that can be said for the guardian’s claim, on the assumption above made, is that the remainder interest under the trust should be added to the settlor’s estate for the purpose of invalidating settlor’s last will and testament to the extent that it bequeathed more than half of the estate to charities. No such claim was, however, made in the Surrogate’s Court and the will was duly probated in its entirety.
*508 The guardian’s reliance on section 18 of the Decedent Estate Law, which gives a surviving spouse, under such circumstances, a right of election is misplaced. The wording of that section is very different from that of section 17, dealing with charitable bequests. The fact that in computing the decedent’s estate, for the purposes of section 18, amounts purported to be disposed of by the testator by illusory transfers made prior to death are included in the estate is no justification for invalidating the trust remainder here, whatever the effect of the trust indenture may be on the validity of the will of the settlor. Furthermore, the court finds that the guardian’s contention that the trust indenture was illusory is not warranted.
The guardian’s objection that the trust agreement violates section 17 {supra) is overruled, and he is directed to submit an affidavit of his services so that the motion for judicial settlement of the account may be disposed of.